516 So.2d 1284 (1987)
STATE of Louisiana, Appellee,
v.
Albert Dean DERRY, Appellant.
No. 19186-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
*1285 Milton Dale Peacock, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
PER CURIAM.
The defendant, Albert Dean Derry, age 30, was originally charged by bill of information with possession of PCP with intent to distribute, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute.[*] The penalties for these crimes are: possession of PCP with intent to distribute, not more than ten years and a fine of not more than $15,000; possession of marijuana with intent to distribute, not more than ten years and a fine of not more than $15,000; and possession of cocaine with intent to distribute, not less than five years nor more than thirty years with a fine of not more than $15,000.
Pursuant to plea negotiations, the defendant pled guilty to possession of PCP, possession of marijuana and possession of cocaine. By so pleading, defendant reduced his maximum exposure from fifty years and $45,000 in fines to a maximum of fifteen and one half years and a fine of not more than $10,500. Additionally, in consideration of the defendant's plea, the district attorney agreed to strongly consider dropping charges against the defendant's mother and sister, who were also in the house and were arrested at the time the defendant was arrested and a significant quantity of drugs was seized.
The defendant received the maximum sentence of ten years at hard labor for possession of PCP, the maximum of six months in the parish jail for possession of marijuana, four years at hard labor for possession of cocaine and a $5,000 fine, in default of the payment of which, defendant was assessed an additional one year in the parish jail. All sentences were ordered to run consecutively. The defendant has appealed, claiming that the trial court failed to properly comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and that the sentence imposed was excessive. Finding that the trial court gave due consideration to the guidelines of LSA-C.Cr.P. Art. 894.1 and finding no excessive sentence, we affirm.
On October 9, 1985, a reliable confidential informant advised Monroe Metro-Narcotics officers that within the past 48 hours marijuana in certain quantities had been observed at the residence of the defendant, Albert Dean Derry. The confidential informant advised the officers that the drug was being offered for sale. After obtaining a search warrant, officers went to defendant's home and entered the dwelling. The defendant was found in the bathroom trying to "flush" several types of drugs and drug paraphernalia. The premises were secured and the officers searched the defendant and found a large quantity of money and some suspected drugs on the defendant's person. The residence was *1286 also searched and more drugs and paraphernalia were found.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr. P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions.
Although the trial judge did not articulate each element of LSA-C.Cr.P. Art. 894.1 upon sentencing the defendant, the record reflects that the trial judge did take these guidelines into thorough consideration as he extensively expounded on his reasons at sentencing. Moreover, in a written Statement of Considerations filed at sentencing, the trial judge reviewed each of the LSA-C.Cr.P. Art. 894.1 guidelines and found that none of the listed mitigating grounds were present in the instant case.
The reviewing court must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. The circumstances of this case weigh heavily against the defendant. In reviewing the record, the trial judge noted that one and one-half pounds of marijuana were seized at the defendant's residence. The cocaine found had already been divided into small, readily marketable quantities apparently prepared for sale. Liquid PCP in substantial quantities was found along with several boxes of sherman cigarettes which are frequently used in the distribution and sale of PCP. Also in the residence at the time of defendant's arrest were five different sets of scales, such as are commonly used in the distribution of drugs. The defendant admitted in a statement taken from him some time after the arrest that at least one set was used to measure marijuana. A police scanner was also found in the house which would enable the defendant to monitor police radio communications. A .45 caliber revolver and a .38 caliber derringer were also found by police in close proximity to the drugs at the residence, indicating the defendant's intention to use force in protecting his drug stores. Also recovered at the time of the arrest was a pager. Testimony at the rather significant sentencing hearing conducted herein indicated that the defendant ran drugs from Houston and Monroe on a fairly regular basis and that he used the pager to maintain contact with his customers when in Monroe.
Unquestionably, the record establishes that defendant not only possessed the controlled dangerous substances, but that he possessed them in such quantities and under such circumstances as to indicate he was a sophisticated large scale dealer of drugs for profit. Where the defendant has pled guilty to an offense which does not adequately describe his conduct, such as is the case here, the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Lanclos, 419 So.2d 475 (La.1982).
As indicated, the defendant's background is also to be considered by the trial judge in reaching a sentencing decision. Background information on the defendant was supplied by the pre-sentence investigation report, testimony at the sentencing hearing and to some extent by two letters received from Monroe Metro-Narcotics officers. The information in these letters was only considered to the extent such information was substantiated by the testimony and evidence presented at the sentencing hearing. While the pre-sentence investigation report indicated that the defendant had no prior felony record and no juvenile record, the evidence adduced from the defendant's brother at the sentencing hearing indicated that the defendant had been dealing in drugs since 1978. In selecting a proper sentence, a trial judge is *1287 not limited to considering only a defendant's prior convictions but may also properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App.2d Cir. 1984), writ denied, 452 So.2d 695 (La.1984).
The trial judge, in imposing the maximum or near maximum sentence on each count, expressed his belief that great leniency had already been extended to the defendant through the plea bargaining process. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
The trial court also found that if a suspended sentence or probation were given there would be undue risk during that period that the defendant would commit other criminal acts. In support of this conclusion, the trial court noted that there was substantial evidence tending to indicate that the defendant was continuing his criminal activity even after his arrest and pleading on these charges. Testimony from his brother at the sentencing hearing indicated that in October of 1986, he found approximately one and one-half ounces of cocaine beneath the defendant's mattress at the same residence where the October 9, 1985 arrest had occurred. The defendant's brother sold the cocaine and when defendant found out about the sale, he demanded and received a partial payment from his brother.
Also during October of 1986, a reliable informant of the Metro-Narcotics Unit went to the defendant's house, while under visual surveillance, and purchased $200 worth of cocaine. The informant reported buying the narcotics from the defendant. In July, some months earlier, another individual was stopped and was found to have been in possession of cocaine. That same individual had been arrested with the defendant at the time of the October, 1985 arrest and seizure of drugs at the defendant's house. At the time this individual was arrested in July of 1986, he told the Metro police officers that the cocaine in his possession had been provided to him by the defendant for purposes of sale. More testimony at the sentencing hearing indicated that between October 1 and December 31, 1986, each of three reliable informants, who had not been in contact with one another, related that the defendant continued to deal in cocaine. This information was corroborated by the Metro-Narcotics officers' own surveillance of defendant's residence after informants notified them on several occasions that the defendant had just returned from Texas with a quantity of drugs. Further testimony at the sentencing hearing indicated that officers had informants telephone the defendant and obtain information about the drugs defendant had for sale including price and quantity information. The calls were placed in the officers' presence and while the officers listened on other lines.
At sentencing, the court noted that it was aware of the jurisprudential pronouncement that concurrent rather than consecutive sentences are usually the rule, but noted that the continued dealing by this defendant in drugs even after having been arrested and pleading guilty to several serious drug charges convinced the court that he was not repentant and that public protection necessitated a long period of incarceration. The court specifically noted that the defendant's conduct after his arrest and plea outweighed the fact that these were his first felony offenses. The trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir. 1984); State v. Tully, 430 So.2d 124 (La. App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). It is within a trial *1288 court's discretion to order sentences to run consecutively. LSA-C.Cr.P. Art. 883. The general rule is that imposition of consecutive rather than concurrent sentences for crimes arising out of a single course of conduct requires particular justification, but concurrent sentences arising out of a single course of conduct are not mandatory and all factors are to be considered. State v. Beverly, 448 So.2d 792 (La.App.2d Cir. 1984), writ denied, 450 So.2d 951 (La.1984).
Here, the trial judge considered and weighed all of the factors and circumstances of this case and found that the interests of the defendant and the interest and safety of the public could best be served by the imposition of the near maximum sentence allowed by law. We wholeheartedly agree.
In the instant case, we conclude that the trial judge adequately stated for the record the considerations taken into account in imposing sentence as required by LSA-C. Cr.P. Art. 894.1. Furthermore, after reviewing the record, including the pre-sentence investigation report, the evidence adduced at the sentencing hearing, as well as the trial judge's written reasons for imposing sentence, we find that the sentence is not excessive, particularly in view of the evidence of defendant's continued criminal activity. These assignments of error are without merit.
For the aforementioned reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[*] Defendant was also charged with and pled guilty to possession of drug paraphernalia in connection with this same incident, a misdemeanor and therefore not the subject of this appeal.