L STEWART, Judge.
A grand jury returned an indictment against defendant for the aggravated rapes of his two half-sisters. After the children’s father removed them from this jurisdiction, the state agreed to accept guilty pleas to two counts of simple rape, contrary to LSA-R.S. 14:43. The trial court imposed consecutive 15-year hard-labor sentences and denied a timely motion to reconsider. Defendant urges the sentence is excessive. We affirm.
The matters of record show that in January 1993, the 19-year-old defendant was babysitting his half-sisters, M.J. aged 8 and P.S. aged 6. He forced both children to remove their clothing. He penetrated M.J. anally, and hit her when she cried, causing her nose to bleed. He forced P.S. to submit to vaginal and oral sex with him. Medical examinations confirmed both girls had been sexually abused.
The sentencing judge reviewed a pre-sen-tence investigation report which included a guidelines worksheet.[1] The judge noted that *1228 the original charges carried life sentences at the time these offenses were committed, but the statute had been amended to provide for the death penalty. The judge considered the reported facts of the case, including defendant’s claim that he was in a cocaine-induced blackout at the time of the offenses. In contrast to the claim, it was noted that defendant had admitted his offenses to authorities after being advised of his rights. He had a significant juvenile record, and his adult record included charges of simple battery for which a bench warrant was outstanding, a conviction for felony theft, and a plea was pending in a simple escape case. The court considered defendant’s medical, educational, employment, and family backgrounds, and observed he was an admitted user of cocaine and marijuana. Sentencing guidelines grid cell 2-D12recommended 7 to 9 years on each count. However, the judge chose to depart from that recommendation, noting that these were very serious offenses and that the defendant actually committed aggravated rape. The judge stated his intent that the sentences be served consecutively, since there were two separate victims who would be psychologically impacted for the rest of their fives by these incidents. The court also noted that the substantial benefit derived by the defendant from the plea bargain warranted imposition of consecutive sentences. The court commented that defendant’s acts constituted a heinous crime “absolutely unacceptable in a civilized society.”
When the sentencing judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional ex-cessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, 93-0402 (La. 7/06/94), 639 So.2d 237; State v. Farley, 26,-377 (La.App.2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26,647 (La.App.2d Cir. 12/07/94), 648 So.2d 7.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in fight of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
_JjA trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988); State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La.App.2d Cir. 10/28/94), 645 So.2d 286.
It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App.2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
This defendant, though classified by the probation officer as a first felony offender, had a substantial record of criminal behavior including a conviction for felony theft committed while in an escape status. He abused a special position of trust and responsibility over his minor half-sisters. He did not make any expression of remorse or contrition at sentencing, and asked only how quickly he would be eligible for parole. Under the totality of facts and circumstances, we find the trial judge did not abuse his discretion in imposing these consecutive sentences. The penalty chosen by the trial judge is an appropriate one for this defen *1229 dant and is not unconstitutionally excessive. The assigned error is without merit.
Our error patent review disclosed that the trial court failed to inform the defendant that the prescriptive period for post-conviction relief does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922; thus, prescription has Unot yet begun to run. State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992); State v. Gladney, 626 So.2d 778 (La.App.2d Cir.1993).
We direct the district court to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App.2d Cir.1992).
No other error patent was noted.
DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. Sentence was imposed on August 14, 1995, one day before the Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942.