692 So.2d 1292 (1997)
STATE of Louisiana
v.
Bobby Lynn RAY, Sr., Defendant-Appellant.
No. 96-1297.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
*1293 David Wayne Burton, De Ridder, Richard F. Blankenship, Asst. Dist. Atty., for State.
David L. Wallace, De Ridder, for Bobby Lynn Ray, Sr.
Before DECUIR, AMY and GREMILLION, JJ.
GREMILLION, Judge.
Defendant, Bobby Lynn Ray, Sr., was charged with aggravated rape and aggravated oral sexual battery in violation of La.R.S. 14:42(A)(4) and La.R.S. 14:43.4(A)(4) by bill of indictment dated December 13, 1995. Defendant entered a plea of not guilty to each charge. However, pursuant to a plea bargain agreement the State filed an amended bill of indictment charging Defendant with two counts of molestation of a juvenile in violation of La.R.S. 14:81.2. In accordance with a plea agreement wherein the State agreed not to prosecute him as a habitual offender, Defendant withdrew his not guilty plea and pled guilty to the amended charges. The trial court sentenced him to serve 180 months at hard labor on each of the two counts of molestation of a juvenile, with the sentences to run consecutive to each other. Defendant now appeals the sentence. We affirm.

FACTS
Defendant admitted in a voluntary statement that he tried to have sex with his eight year old stepson, R. S., by putting his penis "part way" into him. Sharon, R.S.'s mother, accused Defendant of laying R.S. on top of her and encouraging him to have sex with her. Defendant later denied the charges, but he eventually plead guilty to both molestation charges.

ASSIGNMENT OF ERROR
Defendant assigns as error the excessiveness of his sentence under the circumstances. Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Defendant was sentenced to two consecutive 180 month sentences to be served at hard labor. The maximum sentence for molestation of a juvenile, over which the offender had control or supervision, is a fine of not more than ten thousand dollars, or imprisonment, with or without hard labor, for not less than one nor more than fifteen years, or both. La.R.S. 14:81.2(C). Defendant was originally indicted on one count of aggravated rape in violation of La.R.S. 14:42(4), which carries a sentence of either life imprisonment without benefit of parole, probation, or suspension of sentence, or the death penalty; and one count of aggravated oral sexual battery in violation of La.R.S. 14:43.4(A)(4) which carries a sentence of imprisonment, with or without hard labor, without *1294 benefit of parole, probation, or suspension of sentence for not more than twenty years. Defendant was allowed, through a plea bargain, to plead to the lesser charges of molestation of a juvenile.
Defendant filed a Motion to Reduce Sentence and a pro se Motion to Reconsider Sentence, both of which were denied by the trial court. Defendant has two prior felony convictions; one for theft of government property and the other for unauthorized entry of a place of business. Defendant admitted in his voluntary statement that on one occasion he inserted his penis "part way" in R.S.'s "bottom." Defendant later recanted and said he confessed because "Sharon said it happened when he was drinking and she was his wife so he had to believe her." Defendant said he no longer believed Sharon because he had a lot of time to think about it in jail and knew he could not have molested R.S. However, Sharon, R.S.'s mother, claimed not only did Defendant encourage R.S. to have sex with her, but she actually saw Defendant having anal sex with R.S.
Defendant was administered a psychological evaluation by Dr. Ann Pittman in which Dr. Pittman observed:
Mr. Ray's prognosis for change is extremely poor. His personality structure predisposes him to be aggressive, exploitative, and abusive. Further, he has little awareness of the significance of his children's problems. Although he may address some of his limitations due to legal pressures, long-term changes are quite unlikely.... Further, due to his potentially brutal and unpredictable behavior, any and all visits with his children should be closely monitored to ensure their continued safety from his abuse.
Dr. Pittman further reported that R.S. commented during a therapy session as follows:
He has disclosed to both his foster parents and myself incidents of anal and oral sex with his father and anal as well as vaginal sex with his mother and sisters involving himself and his siblings.... He also disclosed that his father had engaged in anal sex with one of theses [sic] friends, a boy named [C___]. [R.S.] would also describe how his father watched while he and [V___] were involved in sexual activities which their father demanded from them.
Further, in Defendant's pre-sentence investigation report, the probation and parole officer stated that interviews with persons involved revealed "that Subject had engaged in sexual misconduct, including anal and oral intercourse, with his stepson on several occasions."
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the trial court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
At sentencing, the trial court cited the aggravating factors he considered by stating:
Your statement is corroborated by the statements of your victim, your wife, and the physical findings of the examining pediatrician. While you've been allowed to plead guilty to the reduced charge of molestation of a juvenile, I find the facts revealed in the police reports, the statements, and the juvenile report filed to be extremely aggravated and descriptive of much more serious crimes than that to which you have entered your plea.
Your treatment of these young, vulnerable victims has been monstrous. Your psychological evaluations and therapythe psychological evaluations and therapy reports of Dr. Ann Pittman, the child's treating psychologist, revealed that the sexual and physical abuse you visited on these vulnerable, young children who were dependent upon you for care has had severe emotional impact on them. Their bizarre *1295 behavior and age inappropriate sexual acting out will mar their lives for the foreseeable future.
Dr. Pittman further notes that you are prone to aggressive and abuse behaviors with explosive anger....
You have twice served jail time. It's apparent that you have no regard for the rules of behavior that society expects of reasonable and civilized people. I find no redeeming features in your case file.
The trial court also stated, "The record discloses a lengthy reign of physical and sexual and psychological abuse of your extended family that is perhaps the worse I have seen since taking the bench. Your own voluntary statement admits anal sexual intercourse with your step-son at a time when he was eight years of age."
We agree with the trial court's observations. Defendant's conduct with R.S. was disgusting and reprehensible. Defendant was a father figure to R.S. who will, in all probability, suffer emotional and psychological problems for life because of Defendant's egregious sexual conduct toward him. A lesser sentence would deprecate the seriousness of this offense.
Defendant also alleges his sentences should have been concurrent rather than consecutive because "these offenses should have been considered as an ongoing action by the defendant." In State v. Ortego, 382 So.2d 921, 923 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980), the supreme court stated that it "has never held that if convictions arise out of a single course of illegal conduct, consecutive sentences will necessarily be found to be excessive. Other factors must be considered."
In State v. Pardue, 28,264 (La.App. 2 Cir. 4/3/96), 671 So.2d 1226, the defendant was sentenced to consecutive fifteen year sentences for simple rape for forcing his half-sisters, eight and six years old, to have sex with him while he was babysitting them. "It is within a trial court's discretion to order sentences to run consecutively rather than concurrently." Pardue, 671 So.2d at 1228, citing, State v. Derry, 516 So.2d 1284 (La. App. 2 Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
Finally, in State v. Ester, 490 So.2d 579 (La.App. 2 Cir.1986), a mother was convicted of engaging in incest with her son from the time he was five until he reached thirteen years old. She received four consecutive four year sentences. The Second Circuit Court of Appeal affirmed the decision by stating that even if the offenses were part of an overall scheme, they were sufficiently separate and distinct to justify consecutive sentences.
During Defendant's sentencing, the trial court stated the many factors he considered to determine an appropriate sentence for Defendant, such as Defendant's voluntary statement admitting anal intercourse with R.S.; statements by R.S. and Sharon; the physical findings of the examining pediatrician; Dr. Pittman's psychological reports; and Defendant's two prior felony convictions for attempted unauthorized entry of a business and theft of government property.
We find Defendant's conduct, which resulted in his guilty plea to two molestation charges, to be sufficiently separate and distinct to justify consecutive sentences since the two charged offenses did not happen at the same time. One incident occurred when Defendant placed R.S. on top of his mother and asked him to have sex with her. The other incident occurred when Defendant had anal sex with R.S. The trial court satisfactorily articulated at sentencing the factors which he considered in imposing sentence upon Defendant.
Lastly, Defendant submits in his appellate brief that the trial court considered information in arriving at the sentences for which Defendant had no knowledge or ability to rebut. Defendant made no objection during sentencing to the inclusion of this evidence by the trial court. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.Code Crim.P. art. 841; State v. Ratcliff, 416 So.2d 528 (La.1982). The purpose of the contemporaneous objection rule is to allow the trial court the opportunity to rule on the objection and thereby prevent or cure an error. State v. Herrod, 412 So.2d *1296 564 (La.1982). Since Defendant did not contemporaneously object to the trial court's considerations during sentencing, he cannot object to the considerations on appeal.
La.Code Crim.P. art. 881.1(D) states:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
La.Code Crim.P. art. 881.1(D) bars Defendant from arguing anything but excessiveness of his sentence. Defendant's claim that the trial court considered information in arriving at sentences of which Defendant had no knowledge or ability to rebut is also barred pursuant to Article 881.1(D). For the foregoing reasons, Defendant's claim of excessive sentences is without merit.

CONCLUSION
Considering the circumstances of this offense and reasons for sentencing given by the trial court, we find no abuse of discretion by the trial court in imposing a sentence of 180 months on each offense and running the sentences consecutive with each other. Defendant's sentences are affirmed.
AFFIRMED.