BROWN, Chief Judge.
 

 11 Pursuant to a plea agreement defendant, Walter Leroy Roberts, pled guilty to one count of second degree kidnapping. Several other charges arising out of the same incident were dismissed.
 
 [1]
 
 The trial court sentenced defendant to 15 years at hard labor, 2 years of which were to be served without the benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider the sentence, which the trial court denied. This appeal followed. We affirm.
 

 Facts
 

 After work on October 14, 2008, defendant went to Sheila Shriver’s residence, where she and Lacey Jones were staying at the time. Defendant, who was the women’s boss and Ms. Jones’s former boyfriend, was intoxicated so he spent the night. The next morning the two women went to Wal-Mart, leaving a note for defendant who was still asleep. When the women returned to the residence, defendant walked out to his truck and grabbed a shotgun. Defendant then forced the women inside the house, which he had destroyed while they were gone, claiming that some money ($3,000) had been stolen from his wallet. Eventually the women
 
 *207
 
 were able to escape, and defendant was subsequently arrested.
 

 Based on allegations that he used a shotgun to hold the two women against their will, defendant was charged with two counts of second degree kidnapping and two counts of aggravated assault with a firearm. Defendant was also charged with aggravated criminal property damage and aggravated 12battery as a result of a claim that he struck one of the victims on the back of the head and neck with the shotgun.
 

 Pursuant to a motion filed by defendant, a sanity commission was appointed by the court to examine him. The two psychiatrists appointed by the court found defendant to be competent; however, they noted that defendant told them that he had used ice, cocaine, ecstasy, and alcohol within 24 hours of the event leading to his arrest. The trial court found defendant to be competent.
 

 Defendant also sought the recusal of the district attorney, Schuyler Marvin, based on a familial relationship between Marvin’s secretary, her husband, who was the head of court security, and one of the victims. The motion to recuse was denied. This court denied writs, as did the Louisiana Supreme Court.
 

 On August 12, 2008, defendant pled guilty to one count of second degree kidnapping, and all other charges were dismissed. The trial court reviewed the pre-sentence investigation and took into consideration prior misdemeanor convictions for disturbing the peace and simple battery, the fact that defendant was 31 years old, the statements of the victims, and defendant’s mental illness. The court also noted that violence and a dangerous weapon were used in the commission of the crime.
 

 Defendant was sentenced to 15 years at hard labor, 2 years of which were to be served without the benefit of probation, parole, or suspension of sentence. A motion to reconsider the sentence was denied, and defendant filed this appeal asserting that his sentence is excessive.
 

 |
 
 ¡¡Discussion
 

 A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1.
 

 When a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App. 2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 07-1394 (La.04/04/08), 978 So.2d 321.
 

 In this case all other felony charges were dropped. This was a crime of violence, and defendant received less than half of the possible penalty imposed for the crime to which he pled guilty. Accordingly, we find that the trial court did not abuse its discretion in sentencing defendant.
 

 Conclusion
 

 For the foregoing reasons, the defendant’s sentence is affirmed.
 

 [1]
 

 . Six separate bills of information were filed. Defendant pled guilty to one and the others were dismissed.