# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-509

**STATE OF LOUISIANA**

**VERSUS**

**KYLE DEWAYNE FORRESTER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 94305
HONORABLE TONY ALAN BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.

**AFFIRMED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Kyle Dewayne Forrester**

**Terry W. Lambright**
**District Attorney**
**William R. Thornton**
**Assistant District Attorney**
**30th Judicial District**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**KYZAR, Judge.**

Defendant appeals his sentence of ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence imposed following a guilty plea to the charge of molestation of a juvenile under the age of thirteen, pursuant to a plea agreement wherein another charge of cruelty of a juvenile involving the same victim was dismissed. For the reasons set forth herein, we affirm the sentence.

## FACTS AND PROCEDURAL HISTORY

This matter is before this court for a second time on appeal of Defendant's sentence for molestation of a juvenile under the age of thirteen years, in violation of La.R.S. 14:81.2(A)(1) and 14:81.2(D)(1). In his first appeal, another panel of this court affirmed Defendant's conviction, but reversed his original sentence of ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence, finding that Defendant's counsel who appeared at sentencing in place of Defendant's appointed counsel was ineffective. The case was remanded to the trial court for resentencing. *State v. Forrester*, 21-140 (La.App. 3 Cir. 10/6/21), 329 So.3d 379. Therein, this court set forth the factual and procedural posture of the case against Defendant.

> On August 9, 2019, Defendant, Kyle DeWayne Forrester, was charged by bill of indictment with one count of molestation of a juvenile under the age of thirteen, in violation of La.R.S. 14:81.2(A)(1) and 14:81.2(D)(1); as well as one count of cruelty to a juvenile, in violation of La.R.S. 14:93(A)(1). The offenses occurred in February and April of 2019, respectfully, and were both committed against Defendant's biological daughter, R.F., whose date of birth is November 22, 2018.

> On January 7, 2020, Defendant appeared alongside his appointed attorney, Clay Williams, and pled guilty to the charge of molestation of a juvenile under the age of thirteen in exchange for the State dismissing the cruelty to a juvenile charge. At Defendant's guilty plea, the State set forth the following factual basis:

> > The victim in this case, uh, her initials are R.F. Her date of birth is 11/22/2018. And at the date and time of

this offense, she was two months and fifteen days old. There was certainly an age difference of greater than two years between Mr. Forrester and his victim and he did commit the lewd and lascivious act upon her and that was specifically using his hands to manipulate her genitals. Uh, he also spat on the genitals and he did all of those acts with the intention of arousing and gratifying at least the sexual -- his own sexual desires. Uh, certainly by the facts I've alleged, it is apparent that R.F. is under the age of thirteen years and she was on a changing table and, uh, the other thing about the supervision and control is that the child, R.F., is the natural child of Mr. Forrester and, thus, he did have supervision and control of said juvenile. And the State alleges that constitutes one count of the offense of molestation of a juvenile under the age of thirteen years.

We do note that, although Defendant accepted the facts and pled guilty, he contended that it was "a little more -- more—more complex than just that."

*Id.* at 379-80.

On remand on February 22, 2022, the trial court again sentenced Defendant to serve ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. This second appeal followed, wherein Defendant asserts that the trial court erred in imposing a constitutionally excessive sentence which is nothing more than cruel and unusual punishment and is a violation of the Eighth Amendment of the Constitution of the United States.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are none.

## DISCUSSION

In Defendant's sole assignment of error, he asserts the trial court imposed an excessive sentence. He claims that his sentence is excessive because of the particular facts of the case, Defendant's history, and the lack of any prior conviction for a sexual offense. He urges that in consideration of these factors, a maximum sentence

2

of ninety-nine years without benefits is unwarranted. We note, however, that Defendant's motion to reconsider sentence simply alleged the sentence was excessive without alleging any specific grounds regarding the sentence. Since Defendant did not allege a specific ground, this court's review is limited to consider Defendant's "bare claim of excessiveness." *State v. Pyke*, 95-919, p. 3 (La.App. 3 Cir. 3/6/96), 670 So.2d 713, 715. Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court specifically adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Accordingly, we first consider the nature of the crime. Defendant entered a plea of guilty pursuant to a plea agreement to one count of molestation of a juvenile, in violation of La.R.S. 14:81.2(A)(1), which provides as follows:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

As the victim here was under the age of 13 years at the time of the offense, the sentence was dictated by La.R.S. 14:81.2(D)(1).

4

Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

In exchange for his guilty plea, the State dismissed a charge of cruelty to a juvenile. On resentencing, the trial court set forth the following facts detailing the molestation of a juvenile charge and also the cruelty to a juvenile offense dismissed as part of the plea, both of which involved two-and-a-half-month-old R.F.:

The facts in this case show that, according to the Vernon Parish Sheriff's Office file, on April the 7th, 2019, uh, Kyle Forrester was left alone with his biological daughter, whose date of birth is 11/22/18, while the mother went to do laundry at her father's residence for approximately 15 minutes. When the mother was driving back, Mr. Forrester telephoned her and advised her never to leave him alone with R.F. because he had fallen with her in his arms. The next day, the mother noticed bruising. She stated that when she tried to bring the child to the emergency room, the defendant would not let her leave the house and told her if she didn't shut up she would match the child's injury. The mother then snuck out of the house when the defendant went to the restroom. She went to the emergency room, where the Vernon Parish Sheriff's Office was called. After a forensic exam, the SANE nurse contacted the detective and advised that the child had several bruises, to include the areas of the right temple, upper eyelids, right cheek, left cheek, with red streaks and bilateral redness, petechiae hemorrhage, and, of course, based on their experience and training, the child was choked causing the severe petechiae around the eye and face area.

Also, on 4/18 of 2019, the mother went to the Vernon Parish Sheriff's Office on a complaint of a video on a baby monitor of her boyfriend, Mr. Kyle Forrester, which was recorded on February the 16th of 2019. The Sheriff's Office downloaded the video. The video shows that the child was asleep, while her father, Kyle Forrester, came over to the crib. Mr. Forrester grabbed the child's left leg with his right hand and opened up the diaper with his left hand. He then licked his left middle finger or ring finger and placed his two fingers inside -- into the right side of the child's diaper, up to his knuckles, then moves them around and spit into the diaper. He then changes from two fingers to his pinky finger, then pulled his finger out. Mr. Forrester looked at this for a bit, then looked behind his shoulder, placed his left pinky back into the right side of the diaper, kept his pinky finger in the diaper while he moved his hand back and forth, which lasted for approximately 38 seconds. During the course of the investigation, statements were taken from both the mother and Mr. Forrester. The Department of Child and Family Services was notified and a forensic sexual assault evaluation

was completed and the warrant was issued for Mr. Forrester for one count of against nature and one count of molestation of a juvenile. He was then booked into the parish jail and charged with cruelty to juveniles as well.

We find the nature of the crime committed here to be particularly heinous. Defendant abused and molested his own helpless two-and-a-half-month-old daughter. We agree with *State v. Childs*, 466 So.2d 1363 (La.App 3 Cir. 1985), wherein this court, in considering a maximum sentence imposed for the rape of a child, stated the defendant's "actions flout the trust a community extends a parent to act in his child's best interest. . . ." and concluded "that the rape of one's 8 year old daughter is among the most serious violations of the crime of forcible rape." *Id.* at 1366. While the charge here is molestation of a juvenile, the crime is no less serious.

We also consider here that Defendant pled guilty to molestation of a juvenile under the age of 13 years pursuant to a plea agreement, wherein another serious offense, cruelty to a juvenile, also involving his biological daughter, was dismissed. "[W]hoever commits the crime of cruelty to juveniles as defined in Paragraph (A)(1) of this Section when the victim is eight years old or younger shall be imprisoned at hard labor for not more than twenty years." La.R.S 14:93(D)(2). "When a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *State v. Roberts*, 44,724, p. 3 (La.App. 2 Cir. 10/28/09), 26 So.3d 205, 207 (citing *State v. Shirley*, 41,608 (La.App. 2 Cir. 12/13/06), 945 So.2d 267, *writ denied*, 07-1394 (La.04/04/08), 978 So.2d 321.)

As to the nature and background of the offender, we look to the remarks made during the resentencing hearing. We also look to the original sentencing hearing, as it is appropriate for appellate courts to review the "entirety of the record, including

6

the transcripts of both the original sentencing hearing and the resentencing hearing, to determine whether an adequate factual basis for the trial court's sentence exists and whether the trial court abused its discretion." *State v. Darnell*, 51,499, p. 8 (La.App. 2 Cir. 8/9/17), 243 So.3d 1162, 1167 (citing *State v. Billingsley*, 13-11 (La.App. 3 Cir. 10/9/13), 123 So.3d 336). The trial court indicated it had received letters from Defendant's family members as well as a letter from Defendant himself, and that it read two letters from Defendant's father, one from Defendant's mother, one from an individual named Destiny, and the letter from Defendant. The trial court then noted that the victim's mother also provided a letter in the form of a victim impact statement during the original sentencing, and that the victim's grandmother made a statement on the record and asked the court to impose the maximum sentence. The trial court then considered the facts and circumstances of Defendant's case, as are recited from the record above.

The trial court next noted the sentencing guidelines under La.Code Crim.P. art. 894.1. The court specifically considered the following before resentencing Defendant: there was no economic harm caused to the victim; there were no grounds that tended to justify or excuse Defendant's conduct; the victim did not act under provocation; Defendant is twenty-seven years old; Defendant is not married; Defendant has one child and is in good health; the court was provided no records on employment or education histories; there was no information as to any history of alcohol abuse; Defendant is not likely to respond favorably to probationary treatment; there is absolutely a risk that Defendant would commit another crime; Defendant is in need of correctional treatment and a custodial environment; and a lesser sentence would deprecate the seriousness of the offense.

The trial court also reviewed Defendant's criminal history. The court noted that in January 2017, in Arizona, there was an investigation into the injuries of a

7

four-month-old child of Defendant's then-girlfriend. Defendant provided the same story then as an excuse for that child's injuries, that he fell while holding the child, that he gave in the instant case in response to the cruelty to a juvenile charge, which was dismissed in the plea agreement. Defendant was arrested on the Arizona charge, but he did not show up for court, resulting in the issuance of a bench warrant. Upon being arrested in Louisiana, Defendant was extradited back to Arizona where he pled guilty to child abuse. The trial court also noted that in 2017, Defendant was arrested for unlawfully entering military property, though this charge was later dismissed. Additionally, in 2017, Defendant was convicted of simple burglary and possession of a Schedule II controlled substance, and in 2018, a bench warrant was issued for his failure to appear in U.S. district court. Defendant's probation and parole was revoked.

The trial court reaffirmed that there is an undue risk Defendant would commit another crime against a minor "because it's already happened on two occasions." The trial court found no mitigating circumstances and noted that the child in Arizona had "an incompletely healed fracture to his right wrist and a fractured left tibia." The trial court found Defendant had a propensity to harm children and then sentenced him to ninety-nine years without benefits.

The final factor in the *Baker*, 956 So.2d 83, analysis is a comparison of sentences imposed for similar crimes. Before assessing other opinions, we take cognizance that maximum sentences are reserved for the most serious violations and the worst offenders. *State v. Morain*, 07-1207 (La.App. 3 Cir. 4/2/08), 981 So.2d 66. However, a trial court has wide discretion in imposing a sentence within the statutory limits, and the sentence should not be set aside as excessive absent a manifest abuse of discretion. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331. The

8

relevant question is whether the trial court abused its broad discretion, not whether another sentence might have been more appropriate. *Id.*

In *State v. Melgar*, 19-540 (La.App. 5 Cir. 4/30/20), 296 So.3d 1107, the fifth circuit, while recognizing that maximum sentences are generally reserved for cases involving the most serious violations and the worst type of offender, determined that a maximum or near maximum sentence for sexual battery of a minor may not be excessive if the defendant exploits a position of trust to commit the crime. Here, Defendant violated the most important position of trust and his moral responsibility to protect and foster his own infant child.

Maximum sentences for the crime of molestation of a juvenile have been affirmed by this court in other cases. In *State v. Burge*, 12-713, 12-714 (La.App. 3 Cir. 2/6/13) (unpublished opinion), the defendant molested his stepdaughter, who was sixteen years old, and in affirming the maximum sentence, this court cited the age difference between the victim and the defendant as well as the violation and exploitation of the position of trust. In *State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/9), 25 So.3d 225, the victim was seven years old, and in affirming the sentence, this court noted the trial court considered the victim's age, vulnerability, and relation to the defendant as aggravating factors. Additionally, in *State v. Ray*, 96-1297 (La.App. 3 Cir. 4/2/97), 692 So.2d 1292, *writ denied*, 97-1279, (La. 1/9/98), 705 So.2d 1090, the defendant molested his stepson, who was eight years old, and in affirming the sentence, this court found the conduct to be reprehensible, likely to cause emotional problems for the victim, and noted that a lesser sentence would deprecate the seriousness of the offense.

In *State v. Rutan*, 53,005 (La.App. 2 Cir. 11/20/19), 285 So.3d 493, *writ denied*, 19-2068 (La. 7/17/20), 298 So.3d 174, the second circuit affirmed the defendant's seventy-five-year sentence but vacated the sentence as to the parole

9

eligibility restriction and remanded for the trial court to reconsider the restriction of

parole eligibility.[1] In affirming the seventy-five year sentence, the second circuit

held:

> The trial court did not abuse its discretion in sentencing Rutan to 75 years at hard labor. During Rutan's sentencing hearing, the trial court noted its review of the presentence investigation report and Rutan's extensive, violent criminal history, and his status as a fourth-felony offender. Additionally, the record reflects applicability of several aggravating factors not mentioned explicitly by the trial judge. Rutan manifested deliberate cruelty to his 6-year old daughter by sexually molesting her. He used his position as her father, and an authority figure in her household, to facilitate his molestation of A.B. Rutan knew that his daughter, a 6-year old, was particularly vulnerable and incapable of resistance due to her age. Rutan's crime will scar his daughter for life; already, she has been experiencing emotional, mental and behavioral problems, in addition to undergoing counseling, as a result of the crime. An adequate factual basis for the sentence exists on the record.

> Considering the fact that Rutan molested his own 6-year old daughter, his 75-year sentence is not constitutionally excessive. Though Rutan's sentence likely amounts to a life sentence, due to his age, the sentence does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.

*Id.* at 497.

While there are a number of other cases wherein lesser sentences for

molestation of a juvenile under the age of thirteen have been affirmed, we can find

no abuse of the discretion of the trial court here. Defendant committed a heinous

sexual act against his own daughter. In addition, he was charged with physically

abusing her and faced a possible additional sentence of up to 20 years for cruelty to

a juvenile but was spared this pursuant to his plea bargain agreement. He had

previously been convicted of child abuse in Arizona in a case where he physically

abused a dating partner's child under similar circumstances to those alleged here,

---

[1] The trial court in *Rutan* incorrectly believed that it was required to prohibit the defendant's parole eligibility for the length of the entire sentence. The applicable provision of the child molestation statute only requires "at least" the first twenty-five to be served without benefits.

and where Defendant made the same claim of "accident" as he made here as an excuse for his conduct.

Considering the above, we cannot say that the sentence imposed is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. La. Const. art. 1, § 20. A sentence is considered grossly disproportionate when the crime and punishment viewed in light of the harm done to society shocks the sense of justice. *State v. Smith*, 01-2574 (La.01/14/03), 839 So.2d 1. The crime here, molestation of a helpless, innocent two-month-old infant, has done immeasurable harm to the child, her family, and society as a whole. The sentence, especially considering the benefit Defendant obtained through the plea bargain agreement, does not shock the sense of justice of this court. Accordingly, the sentence is affirmed.

## DECREE

The sentence imposed for Defendant, Kyle Dewayne Forrester, of ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence for the offense of molestation of a juvenile under the age of thirteen years is affirmed.

**AFFIRMED.**

11