STEWART, Judge.
Defendant, Travis McMillon, was convicted of possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967. He was sentenced to serve 16 years at hard labor. He appeals his sentence as excessive and asserts that, in imposing sentence, the trial court did not comply with the felony sentencing guidelines.
FACTS
Travis McMillon, pled guilty to possession of cocaine with intent to distribute on June 13, 1991. On September 4, 1991, the trial court sentenced McMillon, a second felony offender, to 16 years imprisonment at hard labor. McMillon applied for post-conviction relief (PCR) because the sentence omitted the concurrent nature of his plea agreement. On July 8, 1993, the trial court granted the relief requested by adding the word “concurrent” to the original sentence in order to conform the sentence to the plea agreement. McMillon then filed a motion to reconsider sentence pursuant to LSA-C.Cr.P. Art. 881.1 which asserted that his sentence was outside the designated range of sentence in the Felony Sentencing Guidelines and that the trial court had stated no satisfactory reasons for this upward departure. McMillon also as *976 serted that his sentence was excessive. The trial court denied the motion to reconsider, and McMillon appeals. Because the July 8, 1993 resentencing was in conformity with the plea agreement placed in the record on June 13, 1991, as discussed below, McMillon is barred from appeal by LSA-C.Cr.P. Art. 881.2. Accordingly, we dismiss the appeal.
DISCUSSION
The record reflects that McMillon petitioned the court for post-conviction relief because the trial court failed to run his sentence concurrently with another sentence in Sabine Parish. On July 8, 1993, the trial court granted the relief requested by adding the word “concurrent” to the sentence originally imposed on September 4, 1991.
Code of Criminal Procedure Article 930.6 addresses review of trial court judgments on post-conviction relief. It provides that, while the petitioner may invoke appellate supervisory jurisdiction if the trial court denies relief, no appeal lies from a judgment dismissing an application or otherwise denying relief. There is no provision under the PCR articles for a situation such as this where the trial court granted the relief requested. Indeed, it is understandable that the legislature did not contemplate an appeal of trial court action which grants the PCR relief requested by the petitioner. What is apparent from the PCR articles is that the petitioner does not have an automatic right to appeal the trial court’s disposition.
Finding no basis for appeal under the PCR articles, we turn to examine whether this “correction” was an amendment of the original sentence, or a resentencing. Sentenced on September 4, 1991 to 15 years at hard labor, McMillon commenced serving his sentence on September 5, 1991. LSA-R.S. 15:566.2. The trial court may amend or change a sentence which is legal in every respect, within the legal limits of its discretion, prior to beginning of execution of the sentence. LSA-C.Cr.P. Art. 881(A). In a felony case in which the defendant has been sentenced to imprisonment at hard labor, there is no provision for amendment of a legal sentence after commencement of execution of sentence. See LSA-C.Cr.P. Art. 881(B). Thus, the July 8, 1993 proceeding cannot be considered an amendment to McMillon’s original sentence.
Where the sentencing court does not expressly designate a sentence as concurrent, sentences of imprisonment shall be served consecutively unless they involve convictions of two or more offenses which are based on the same act or transaction or which constitute parts of a common scheme or plan. LSA-C.Cr.P. Art. 883. Accordingly, the correction of McMillon’s sentence which added the word “concurrent” was a substantive change in his sentence. We have already determined that this correction was not an amendment, pursuant to LSA-C.Cr.P. Art. 881, and that this appeal is not authorized under the PCR articles. In effect, the trial court resenteneed McMillon on July 8, 1993.
Since January 31,1992 the Louisiana Felony Sentencing Guidelines have applied to all sentences imposed in Louisiana. Accordingly, we agree with McMillon that the Guidelines are applicable to the resentencing. However, also applicable to McMillon’s re-sentencing is LSA-C.Cr.P. Art. 881.2(A)(2), which provides as follows:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
At the time McMillon plead guflty, the record reflects that the trial court properly advised McMillon of his constitutional rights. The trial court also advised McMillon that he could be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, and could be fined in addition to the imprisonment. The following was stated as the terms of his plea agreement:
THE COURT: Are you pleading guilty to the offense of possession of cocaine with intent to distribute because that’s what you are guilty of?
THE DEFENDANT: Yes, Sir.
THE COURT: Are you also pleading guilty because of the fact that first that your sentences would run concurrently if *977 the plea bargain is accepted by the State and also the fact that your charges are being dismissed against your wife? Is that also a reason that you’re pleading guilty?
THE DEFENDANT: Well, that’s the arrangement they gave me, you know. I’m pleading guilty cause I’m guilty.
[[Image here]]
THE COURT: All right, the Court finds that Mr. McMillon’s plea of guilty is knowingly, intelligently and voluntarily entered. There’s a factual basis in support of the plea and the plea of guilty is accepted by the Court at this time. For the record, I will accept the plea bargain with regard to running any sentence that I impose concurrently with the time that you will have to back up and serve in Sabine Parish. Otherwise, the sentencing range will be totally up to me. Do you understand that?
THE DEFENDANT: Yes, Sir.
McMillon’s plea agreement was for a concurrent sentence with an unspecified term of imprisonment which was left to the discretion of the trial court. The trial court sentenced McMillon on September 4, 1991 to 15 years at hard labor. There was no mention of a concurrent sentence. McMillon applied for post-conviction relief because this sentence omitted the concurrent nature of his plea agreement. On July 8, 1993, the trial court added the word “concurrent” to the same 15-year sentence imposed earlier. Thus, the trial court granted McMillon’s PCR application. As discussed above, we have found no statute or jurisprudence which allows an appeal of the trial court’s disposition which granted the relief requested in McMillon’s PCR application.
The addition of the word “concurrent” to a sentence, even if only to correct an earlier omission, is a substantive change in the sentence. Thus, this correction amounted to a resentencing to conform McMillon’s sentence to his agreed upon plea. At the time of his resentencing, LSA-C.Cr.P. Art. 881.2(A)(2) barred an appeal of a sentence which was in conformity with MeMillon’s plea agreement. Although McMillon is correct in his assertion that the Guidelines are applicable to his re-sentencing, the sentence imposed is in accordance with his plea agreement. Therefore, appeal of the resentencing is barred by LSA-C.Cr.P. Art. 881.2(A)(2). Accordingly, McMillon may not appeal the issue of the trial court’s compliance with the Guidelines. For this reason, we find that the errors assigned by McMillon are not properly before this court.
APPEAL DISMISSED.