liAMY, Judge.
This appeal arises from the conviction and sentencing of Defendant, Charles B. Martin, on three counts of simple burglary, violations of La.R.S. 14:62. Defendant now appeals his sentences. For the following reasons, we affirm.
DISCUSSION OF THE RECORD
The record reveals that, on August 11, 1995, two camps were burglarized in Beauregard Parish. Two days later, on August 13, 1995, a construction company, also in Beauregard Parish, was burglarized. Several pieces of property were taken from each of the three sites.
On September 29, 1995, a bill of information was filed charging the defendant, Charles Martin, with three counts of simple burglary, violations of La.R.S. 14:62, and three counts of theft, violations of La.R.S. 14:67. On September 29, 1995, the defendant appeared for arraignment without counsel and entered a plea of not guilty.
J^jOn March 15, 1996, the defendant, present with court appointed counsel, changed his plea and entered a guilty plea to all three counts of simple burglary. After the court accepted the guilty pleas, the State dismissed the three counts of theft.
The defendant was subsequently sentenced on May 10,1996, to one hundred twenty (120) months on each count of simple burglary. The sentences were to run concurrently with each other, but consecutively to any sentence previously imposed which remains unserved. On May 21, 1996, a Motion to Reconsider Sentence was filed by the defendant. The motion was denied.
Defendant now appeals his sentences, raising excessiveness of the sentence as the only error. The defendant also asks that this court review the record for errors patent.
ANALYSIS
ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record. A review of the record reveals no errors patent.[1]
*1261 | gEXCESSIVENESS OF THE SENTENCE
By this assignment of error, the defendant contends that his sentences are excessive, being grossly out of proportion to the severity of the crime. As noted above, the defendant was sentenced on May 10, 1996, to one hundred twenty (120) months on each count of simple burglary to run concurrently with each other, but consecutively to any sentence previously imposed which remains unserved.
La.Code Crim.P. art. 881.2(A)(2) states:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Recently, the supreme court resolved a conflict between the circuits and determined that the legislature intended this article to apply to plea agreements involving both specific sentences and sentencing caps. State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171.
At the time the defendant entered his guilty plea, the prosecutor initially stated that if the defendant’s guilty pleas were accepted by the court, the State would recommend that the court impose concurrent sentences on each of the three counts of burglary. Though the State initially said it would recommend these sentences, the following exchange seems to indicate the defendant was promised concurrent sentences on all three counts if he pled guilty: ■
UQ. Well, there’s actually been nothing promised except a sentencing hearing in this case, do you understand that?
A. Yes, sir.
Q. Nobody’s promised you anything.
A. Yes sir.
Q. Other than that sentencing hearing, is that correct?
BY MR. BURTON:
Only that the sentences will run concurrent, Your Honor. Only whatever your sentence is, the sentences would run concurrently on the three charges.
BY THE COURT:
Q. All right. Then I stand corrected. Something I said earlier was not correct, Mr. Martin. The fact that there’s been a promise of concurrent sentences means that the maximum you could receive under the circumstances would be 12 years. Because concurrent sentences mean that you would be sentenced, even if you were given the maximum sentence, they would all run at the same time. You understand that?
A. Yes, sir.
Q. Now, that has been promised, and Mr. Burton is correct. I overlooked that. That has been promised, and there’s been a commitment to a sentencing hearing for me to decide whether or not I want to impose the full 12 years or whether you should be given a lessor [sic] sentence. All right, sir?
A Yes, sir.
Q. Now, other than that, nothing else has been promised you, is that correct?
A Correct.
The “Form Worksheet for Felony Guilty Pleas,” which was signed by the judge on March 15, 1996, states, “SENTENCE: No Recommendation; Sentencing Hearing & PSI”; however, it then states “Concurrent Sentences.” At the conclusion of the guilty plea hearing, a presentence investigation re *1262 port was ordered and a sentencing hearing set.
l.Jn State v. McMillon, 25843 (La.App. 2 Cir. 3/30/94); 634 So.2d 974, the defendant pled guilty to possession of cocaine with intent to distribute and received a sentence of fifteen (15) years. The defendant applied for post-conviction relief because the trial court failed to specify the concurrent nature of his sentence, as provided in his plea agreement. The trial court granted relief and added the word “concurrent” to conform with the plea agreement. After resentencing, the defendant filed a motion to reconsider sentence, claiming his sentence was outside the designated range in the sentencing guidelines and that it was excessive. The court first determined that the correction was not an amendment pursuant to La.Code Crim.P. art. 881 and that the appeal was not authorized under the post-conviction relief articles. The court further found that the defendant was barred from appealing the resentencing by virtue of La.Code Crim.P. art. 881.2(A)(2). According to the court, “MeMillon’s plea agreement was for a concurrent sentence with an unspecified term of imprisonment which was left to the discretion of the trial court.” McMillon, 634 So.2d at 977. At the time of McMillon’s guilty plea, the trial judge stated:
For the record, I will accept the plea bargain with regard to running any sentence that I impose concurrently with the time that you will have to back up and serve in Sabine Parish. Otherwise, the sentencing range will be totally up to me. Do you understand that?
Id. at 977.
We conclude that Defendant voluntarily entered into a plea agreement assuring that concurrent sentences would be imposed, thereby placing a cap on the possible sentence. In light of La.Code Crim.P. art. 881.2(A)(2) and the Louisiana Supreme Court’s recent decision in Young, 680 So.2d 1171, we find that the defendant is precluded from appealing the sentences set forth in the plea agreement. Accordingly, this assignment is without merit.
_|6DE cree
For the foregoing reasons, the sentences of Defendant, Charles B. Martin, are affirmed.
AFFIRMED.

. The trial judge did not specifically ask the defendant if he waived his rights against self-incrimination and his right to confront his accusers. However, at the commencement of the *1261 Boykmization proceeding, the court asked the defendant if he read the “Request for Entry of Guilty Plea in a Felony Case" form before he signed it. The defendant responded affirmatively. This form, which was signed by the defendant and his attorney in open court on the day the guilty plea was entered, sets forth, among other things, the defendant's constitutional right to be tried before a jury, the right to present and cross-examine witnesses, and the right to remain silent. The second paragraph of the form provides:
I UNDERSTAND THAT IF THIS GUILTY PLEA IS ACCEPTED BY THE COURT, I WILL BE ADMITTING THAT I HAVE COMMITTED A CRIME, THAT THERE WILL BE NO TRIAL AND THAT ALL MY CONSTITUTIONAL RIGHTS THAT WOULD BE AVAILABLE AND EXERCISED AT TRIAL WILL BE GIVEN UP OR WAIVED BY ME WHEN I ENTER THIS PLEA.
Further, the trial judge questioned the defendant about his understanding of the guilly plea form. We find this a sufficient waiver of the defendant’s constitutional rights. See State v. Dunn, 390 So.2d 525 (La.1980).