702 So.2d 1148 (1997)
STATE of Louisiana
v.
Gerald EVANS, Defendant-Appellant.
No. 97-504.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1149 Robert Richard Bryant, Jr., Lake Charles, for State.
Ronald F. Ware, Lake Charles, for Gerald Evans.
Before YELVERTON, COOKS and GREMILLION, JJ.
YELVERTON, Judge.
Gerald Evans, 38, pleaded guilty to two counts of aggravated crime against nature, violations of La.R.S. 14:89.1; two counts of molestation of a juvenile, violations of La. R.S. 14:81.2; and one count of aggravated incest, a violation of La.R.S. 14:78.1. The victim was his daughter. The conduct started when she was eight and went on for three years. After his plea, several other charges arising out of this abuse were dismissed. After a presentence investigation, defendant was sentenced to serve twelve years in the Department of Corrections on each count of aggravated crime against nature, to run consecutively with each other and to be served without benefit of probation, parole, or suspension of sentence; twelve years in the Department of Corrections on each count of molestation of a juvenile to run consecutively with each other, but concurrently with the sentences previously imposed and without benefit of probation, parole, or suspension of sentences; and fifteen years in the Department of Corrections on the one count of aggravated incest to run consecutively with the previously imposed sentences. Nine years of the aggravated incest sentence were suspended, and it was ordered that after serving 30 years of the sentences, defendant was to be placed on supervised probation for five years with various conditions attached. He appeals the sentence contending it was unconstitutionally excessive. We affirm.
The record reflects that the trial judge took cognizance of the criteria set out in the sentencing guidelines of La.Code Crim.P. art. 894.1(A) and (B). The sentencing judge also complied with subsection (C) of that article by stating the considerations taken into account and the factual basis therefor in imposing sentence. The trial *1150 court has wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed constitutionally excessive absent manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). An appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.Code Crim.P. art. 881.4(D). This record supports the sentence imposed.
In May 1996 defendant gave a six-page signed confession to the Sulphur City Police Department. We need not detail the sordid facts as revealed in this confession. Defendant admitted that the first incident occurred in about 1993 and ended in 1996 right before the child told her mother. The conduct escalated from fondling and masturbation to oral sex to attempted intercourse. It escalated in frequency as well, occurring every two weeks while the little girl was ten and eleven years of age.
The sentencing court emphasized the duration of the criminal conduct. The court noted that the defendant was manipulative, in a high level of denial, blamed others, actually blamed the victim, and demonstrated a very low level of remorse for his actions. The court took into account defendant's presentence investigation report which classified him as a high risk to society. He was between 35 and 38 years old at the time he committed the offenses. The record also reflects defendant had only one prior conviction, possession of marijuana. At his sentencing hearing, the defendant told the court that he had made a religious conversion and that he was remorseful for his criminal behavior. He said "I triedII don't blame my daughter, and I don't blame no one." This was the first time in the record that the defendant expressed remorse and the first time he vocalized full responsibility. In his written statement and in his contacts with the psychologist and the presentence-investigating officer, he put much of the blame squarely on the child. The sentencing judge discussed this. The judge also described the likely permanent effect of the experience on the child, as well as the damage wrought by the destruction of a marriage and a family.
The aggravating circumstances greatly outweigh the mitigating circumstances, as the sentencing judge found in the present case. Defendant's sentences for the crimes of aggravated crime against nature, molestation of a juvenile, and aggravated incest are not unconstitutionally excessive, despite defendant's alleged rehabilitation and religious conversion; defendant victimized his own juvenile daughter over a period of three years by conduct that society condemns. He did not receive the maximum statutory sentence for these crimes. His total sentencing exposure for the charged offenses to which he pled guilty was 80 years; defendant was ordered to serve a total of less than half of that, with an additional nine years suspended. The sentences are not excessive.
We have considered, and rejected, the possibility of an error patent. The minutes for December 2, 1996, state that the defendant appeared before the court on that date to tender a plea of guilty to all remaining charges. The minutes state: "The defendant submits to the Court a form entitled Waiver of Constitutional Rights and Plea of Guilty', which he has discussed with counsel and signed. The Court questions the defendant and goes over the form with him, advising him of his constitutional rights. The defendant states that he understands and waives same." The minutes further state that the defendant's counsel was present with him. The Waiver of Constitutional Rights and Plea of Guilty form is in the record, and it was signed on December 2, 1996 by Evans and by his attorney.
The lengthy colloquy during the plea between the court, counsel, and the defendant is transcribed in the record. At the beginning of the colloquy the judge stated, "I've been handed a form entitled Waiver of Constitutional Rights and Plea of Guilty. Let's go over that." By comparing the transcribed colloquy with the form itself, it is apparent that the judge was holding the form in his hands at all times and guided by it in the Boykinization process. With but one exception we will shortly explain, the judge went over every item in the form and near the end of the colloquy, after questioning and being *1151 assured that the defendant was voluntarily waiving his rights by a plea of guilty, the court said, "All right. Is there anything about this form I've been handed that caused you any difficulty so far as understanding its contents?", and the defendant answered, "No, sir."
The one exception is that the judge skipped item two on the list of rights, the confrontation right. The question is whether the record as a whole constitutes an affirmative showing that defendant knowingly and intelligently waived his constitutional right to confront his accusers. This court finds that it does and that, therefore, the oversight does not demonstrate the absence of a knowing and intelligent waiver. Such cases as State v. Tucker, 405 So.2d 506 (La.1981); State v. Shelton, 621 So.2d 769 (La.1993); State v. Minis, 552 So.2d 664 (La.App. 2 Cir.1989); State v. Sapp, 520 So.2d 991 (La. App. 3 Cir.1987); and State v. Martin, 96-1042 (La.App. 3 Cir 2/5/97), 688 So.2d 1259, show that the inquiry is whether the state has introduced sufficient proof that the defendant's guilty plea was free and voluntary and made with an articulated waiver of the three Boykin rights. The defendant acknowledged in the written waiver that he voluntarily waived the listed rights, and his participation in the colloquy clearly reflected that he understood everything that was explained to him. The only witness who could accuse him of the crimes charged was his own daughter. His detailed statement put much of the blame on her. The record reflects that it would not have been her testimony that she willingly participated in the events. The declaration in the minutes that the defendant discussed the form entitled Waiver of Constitutional Rights and Plea of Guilty with his attorney, together with the facts that he signed the form, it told him that he had the right to confront his accusers, the judge was holding the form in his hand throughout the Boykinization, and his only accuser was his own daughter, leave no realistic possibility that he was unaware he was waiving the right. Everything considered, we do not regard this technical deficiency in the record to be an error patent.
Defendant's sentence is affirmed.
AFFIRMED.