756 So.2d 693 (2000)
STATE of Louisiana
v.
Gary L. FOSHEE.
No. CR99-1423.
Court of Appeal of Louisiana, Third Circuit.
April 5, 2000.
*694 Paula C. Marx, Lafayette, LA, Counsel for Defendant/Appellant, Gary L. Foshee.
J. Reed Walters, District Attorney, Jena, LA, Counsel for State of Louisiana.
Court composed of Judge ULYSSES GENE THIBODEAUX, Judge OSWALD A. DECUIR and Judge ELIZABETH A. PICKETT.
THIBODEAUX, Judge.
The defendant, Gary L. Foshee, was found guilty by a jury of eleven counts of aggravated incest and sentenced to thirty-six years at hard labor.
Foshee appeals. We affirm.

I.

ISSUES
We shall consider:
1. whether the evidence was sufficient to sustain Gary L. Foshee's eleven convictions of aggravated incest; and
2. whether Foshee's sentences were constitutionally excessive.

II.

FACTS
The victims of this offense are the defendant's two biological daughters. Over a four year period, the defendant had sexual activity with his two daughters who are now ages eighteen and fourteen. According to the record, the defendant began having sexual activity with the elder daughter, M.F., on her twelfth birthday. The younger daughter, D.F., was thirteen years of age when her father sexually molested her.
There were numerous sexual encounters between the defendant and his daughter, M.F. Although no force was used, the sexual intercourse was often rough, with the defendant pulling M.F.'s hair, breasts, and biting her. He would sometimes have sex with her "on her knees."
The sexual abuse continued until M.F. was sixteen years old, when she reported the abuse to her counselor on March 31, 1998. M.F. stated that she did not report the abuse earlier because the defendant had threatened to kill her if she told anyone. She was afraid of the defendant and his violent temper. He had struck M.F.'s mother and brother, and he had also sexually abused her brother since he was three years of age.
On April 16, 1998, Dr. Reneta Pilatova, an expert in pediatrics, examined the girls and obtained a history from them. The condition of M.F.'s genitals was very unusual for her age and was more consistent with what one would find if examining an older, married woman. The doctor admitted that the physical exam could not reveal who had been having sex with the victim.
On May 13, 1998, Gary L. Foshee, was indicted on eleven counts of aggravated incest, in violation of La.R.S. 14:78.1(A) and (B)(1). He pled not guilty on May 26, 1998. Foshee was tried by a six-panel jury on February 2, 1999 and was found guilty as charged. He was sentenced on March 31, 1999 to the following:
a) Count 1: eighteen years at hard labor
b) Count 11: eighteen years at hard labor, consecutive to count 1
c) Counts 2, 3, 4: six years at hard labor, consecutive to each other and concurrent with count 1
d) Counts 5, 6, 7: six years at hard labor, consecutive to each other and concurrent with count 1
e) Counts 8, 9, 10: six years at hard labor, consecutive to each other and concurrent with count 1

III.

LAW AND DISCUSSION

Sufficiency of the Evidence
Gary Foshee contends there was insufficient evidence upon which to base *695 his eleven convictions of aggravated incest, ten involving M.F., and one involving his younger daughter, D.F. It is unclear which counts he is specifically challenging. Foshee concedes that the State proved three counts of aggravated incest at trial; however, he challenges the other convictions, arguing that those resulted from him being found guilty by association. He argues that M.F. could not remember details on the other seven counts, and could remember dates only after coaching by the prosecution.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Lambert, 97-64, pp. 4, 5 (La.App. 3 Cir. 9/30/98); 720 So.2d 724, 726-727, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case, a rational trier of fact rightfully concluded that the defendant, Gary L. Foshee, committed aggravated incest with his two daughters.
Louisiana Revised Statutes 14:78.1(A) and (B)(1) defines aggravated incest as follows:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
The State's evidence was sufficient to find Foshee committed aggravated incest with his biological daughters. Regarding Count 11, D.F.'s testimony revealed that her father sexually battered her by touching her vagina with his penis on March 18, 1998 while her mother was attending a prayer meeting. The defendant impelled her to lie down on his bed and he put "some kind of Vaseline" on her and told her he was going to "loosen" her up with his fingers. He tried to force his penis into his daughter's vagina, but he could not penetrate her. Upon failure to penetrate D.F., the defendant slapped her in the face, causing her to run from the room in tears. M.F. was present in the bedroom and witnessed this occurrence.
D.F. testified that her father made her watch him having sexual intercourse with her sister numerous times. D.F. also testified that her father had sex with her sister at least three times a week and often before they went to school in the morning. When D.F. told her mother about the abuse, the mother confronted her husband and demanded that the actions stop. The defendant then grabbed the mother by the throat and told her that he was not going to stop. D.F. was age twelve at the time of the incident.
Sexual battery, which is specifically listed as an element of aggravated incest, is defined in La.R.S. 14:43.1 as follows:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

*696 (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
Additionally, Foshee admitted in his statement to police that he was the biological father of D.F., and that he "finger f_" her. The State sufficiently proved Count 11 against Foshee.
M.F. likewise gave specific details of at least three instances of aggravated incest by her father. Two instances involved sexual battery and the third described sexual intercourse. According to M.F., the defendant began molesting her by inserting his fingers into her vagina, then he began using a rubber hose to penetrate her vagina. Within a year, the defendant was having sexual intercourse with the victim three times a week. The victim recalled one occasion in which she was awakened at 5:30 one morning by her mother who told her that her father, the defendant, was ready for her. The mother had just had sex with the defendant. M.F. also remembered being told by her mother to go to her father's bedroom at night. M.F. was sexually abused from age twelve to age sixteen.
Foshee contends that M.F. remembered dates only after coaching by the prosecution. We find this contention is without merit.
This court has held that the date of the offense of aggravated rape of a child is not an essential element of that crime. State v. Johnson, 95-1002 (La.App. 3 Cir. 3/26/96); 670 So.2d 651. In State v. Dixon, 628 So.2d 1295 (La.App. 3 Cir.1993), this court upheld the defendant's conviction of aggravated rape of a seven-year-old victim even though no witnesses mentioned a specific date the crime was to have occurred. We concluded that all the testimony was related to the specific time frame within which the defendant had the continuing sexual relationship with the victim, and that specific dates were not necessary.
The date of offense is not a specific element of aggravated incest; thus, the holdings of Johnson and Dixon apply. The testimonies of M.F., D.F., and Dr. Pilatova, and Foshee's own statements were sufficient to show a continuous sexual relationship existed between the defendant and his daughters. M.F. articulated being sexually abused by her father numerous times. D.F. corroborated M.F.'s testimony by stating that she had been forced to watch her father have sex with her sister on numerous occasions. M.F.'s testimony was likewise corroborated by the expert testimony of Dr. Pilatova. Dr. Pilatova testified that the results of the examinations on the girls were consistent with what they told her had happened to them. The examination of M.F.'s genitals revealed that the girl's vaginal opening was "gaping wide." The examination also revealed enlarged and very thin labia majora, protruding labia minor, profuse white vaginal discharge and a hymen that was torn apart in multiple places. Dr. Pilatova's findings were consistent with repeated and prolonged sexual activity, just as M.F. had reported. Dr. Pilatova specifically testified that D.F. told her the defendant had "fingered" her once, approximately one month prior to the examination. The young victim expressed the pain she felt during this sexual activity. The doctor's examination of D.F. revealed a hymen, no discharge and that D.F. had not started menstruation. Finally, Foshee confessed in his statement to police that he had sex with his biological daughter, M.F., on numerous occasions since she was twelve years old.
Viewing the evidence in the light most favorable to the prosecution, sufficient evidence was introduced to prove all eleven counts of aggravated incest.

*697 Excessive Sentences
Foshee argues that his sentences at hard labor are excessive.[1] We disagree.
Louisiana Revised Statutes 14:78.1 states the penalty for aggravated incest is a fine in an amount not to exceed fifty thousand dollars, or imprisonment, with or without hard labor, for not less than five years nor more than twenty years, or both.
Foshee was spared a possible two hundred twenty-year sentence at hard labor and a fifty thousand dollar fine. The trial judge did not impose a fine on Foshee because it was determined he did not have any assets. The trial court has wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed constitutionally excessive absent manifest abuse of discretion. State v. Evans, 97-504, p. 2 (La.App. 3 Cir. 10/29/97); 702 So.2d 1148, 1150, writ denied, 97-2979 (La.4/3/98); 717 So.2d 231.
In his reasons for sentencing, the trial judge noted Foshee's Pre-Sentence Investigation report revealed that he is a first offender. The judge stated that he considered how these offenses have affected the defendant's daughters.[2] The judge additionally remarked that the father is to be the leader of the family, providing guidance and foundation. The judge furthered his remarks by saying Foshee violated the most sacred institution, the family, and the trust family members have for one another. Foshee's pattern of sexual abuse violated the children's trust in their parent and took away their childhoods in exchange for his own sexual gratification.
The record reflects that the sentencing judge addressed the criteria set out in the sentencing guidelines of La.Code Crim.P. art. 894.1(A) and (B). The judge believed there was an undue risk that if Foshee received any sort of suspended sentence, he would become a recidivist; Foshee was definitely in need of correctional treatment; and the seriousness of the offenses mandated that he be incarcerated. The judge specifically noted the following aggravating factors:
(1) Under article 894.1(B)(2), the victims were vulnerable;
(2) Under subsection (6), Foshee threatened the victims; and
(3) Under subsection (9), the children have significant, permanent injury from Foshee's actions.
The judge did not find any mitigating factors listed in Article 894.1(B).
This court affirmed total sentences of thirty-nine years for multiple sex crimes a defendant committed on his minor daughter over a three-year period in Evans. In State v. Anderson, 95-1688 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, we upheld concurrent sentences of fifteen years at hard labor on each of the defendant's two counts of aggravated incest involving his fifteen-year-old stepdaughter. The defendant was also a first offender. Consecutive sentences, as in the instant case, are not uncommon in cases involving multiple sexual crimes over an extended period of time by offenders in the same household as the victim. State v. Ray, 96-1297 (La.App. 3 Cir. 4/2/97); 692 So.2d 1292, writ denied, 97-1279 (La.1/9/98); 705 So.2d 1090. Additionally, there are two victims in this case, justifying consecutive sentences on count one and count eleven.
Upon reviewing the record in its entirety, we do not find the imposed sentences grossly disproportionate to the severity of the crime so as to shock our sense of justice.

ERRORS PATENT
The trial court imposed conditions upon the "release" of the defendant. Since Foshee was not placed on probation for any portion of his sentence, the only *698 way he can be released is by parole. The trial court ordered the defendant to pay all costs during the first three years of his supervision, if released. According to La. Code Crim.P. art. 888, court costs are payable immediately. However, the trial court deviated from that by ordering it payable upon Foshee's release.
The trial court also ordered Foshee, upon his release, to earn his G.E.D., if he had not already earned it in prison. The court also ordered him to participate in an anger management program, and in a qualified sex offender program, if a sex offender program was offered. Additionally, Foshee was prohibited from having unsupervised contact of any kind with anyone under the age of eighteen for as long as he is in prison or under supervision. Although the Board of Parole may place such conditions on Foshee's parole under La.R.S. 15:574.4, the trial court is not authorized to do so. State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36.
We vacate the conditions placed on Foshee's parole, i.e., payment of court costs, earning his G.E.D., attendance of an anger management program, participation in a sex offender program, and avoiding association with anyone under the age of eighteen.
Additionally, Foshee was not informed of the two-year time limit for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8.[3] The district court is instructed to inform Foshee of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Foshee received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La. App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

IV.

CONCLUSION
For the foregoing reasons, the Defendant's conviction and sentence of thirty-six years at hard labor are affirmed. The lower court's order regarding conditions of parole is vacated. This matter is remanded so that the lower court can inform the Defendant of the proper time period for post-conviction relief.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.
NOTES
[1] In the defendant's brief, he determines his sentences total fifty-four years; however, the sentences total only thirty-six years.
[2] At sentencing, a victim impact statement written by M.F. and D.F. was read.
[3] The time period for filing post-conviction relief was amended by Act 1262 of the 1999 Regular Legislative Session. The prescriptive period was changed from three years to two years.